IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-13-432-C |
| | ) | CR-12-60-C |
| NATHANIEL ALLEN FRAZIER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant filed the present motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence on four different grounds. Defendant argues (1) that his trial counsel was ineffective; (2) the Court abused its discretion; (3) the government committed prosecutorial misconduct; and (4) the indictment process violated his due process rights. Within each ground for relief, Defendant raises numerous subparts. After consideration of the arguments of Defendant, the response from Plaintiff, and the record in the underlying criminal case, the Court finds that Defendant has failed to establish a legal or factual basis for relief, and therefore will deny his motion.

Ineffective Assistance of Counsel

Defendant raises eight subparts to his claim for ineffective assistance of counsel: that counsel (1) failed to file a direct appeal; (2) coerced him to plead guilty, (3) failed to provide a copy of the government's discovery; (4) failed to object to bringing up dismissed state charges; (5) failed to object to multiple charges in the presentence report; (6) lied, telling Defendant if he pled guilty that three points would be credited to him in the guideline

calculation; (7) failed to object to false statements by the officers; and (8) failed to request a downward departure because of Defendant's mental health and/or child abuse.

Defendant's ineffective assistance of counsel claims are governed by the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under that analysis, Defendant must first show that counsel's performance fell below an objective standard of reasonableness, id. at 688, and second he must demonstrate that the deficient performance resulted in prejudice to his defense. Id. at 687. In order to demonstrate prejudice in the context of a guilty plea, Defendant must establish a reasonable probability that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Ultimately, each of Defendant's allegations fail because he cannot demonstrate one of the two prongs for each claim.

As for Defendant's claim that he had requested counsel to file a direct appeal and she failed to do so, that argument is rebutted by the affidavit of Defendant's trial counsel. Therein, counsel states that she and Defendant discussed whether or not he wished to file an appeal and he specifically stated he did not. The Court notes that counsel's affidavit in this regard has been on file since June 11 of this year, and Defendant has failed to offer any evidence in rebuttal of it. Moreover, given the circumstances of Defendant's arrest and the overwhelming evidence of guilt, it seems unlikely that any appeal would have had merit. Further, because Defendant was sentenced at the bottom of the guideline range, a challenge to the reasonableness of his sentence would have been unavailing. Finally, at the sentencing hearing, the Court specifically instructed Defendant that if he wished to file an appeal he had

to do so within 14 days of that date. That date was August 1, 2012, and it was not until Defendant filed the present motion in April 2013 that he raised any suggestion of a desire to file a direct appeal. For these reasons, that Court finds that Defendant has failed to demonstrate that his counsel's performance in regard to failure to file a direct appeal fell below an objective standard of reasonableness.

Next, Defendant argues that he was coerced into pleading guilty. As noted above, Defendant must show that but for counsel's errors, he would not have pleaded guilty, but instead have insisted on going to trial. Lockhart, 474 U.S. at 59. As noted above, the evidence supporting his guilt was substantial. Defendant pled guilty to felon in possession of a firearm. He was found alone in a vehicle which contained a firearm and ammunition. Further, it is clear that Defendant had previously sustained at least one felony conviction. By pleading guilty, Defendant received a three-point reduction for acceptance of responsibility, which would likely not have occurred had he insisted on going to trial. Finally, during the colloquy with the Court during his guilty plea, Defendant clearly stated that no one had made any promises or otherwise coerced him into entering the guilty plea and that he had done so voluntarily and of his own free will. See Dkt. No. 47, Exh. 2, pp. 12-14. Given all of these factors, the Court finds the facts do not suggest a fair probability that Defendant would have insisted on going to trial.

Defendant next argues that his counsel failed to provide him with a copy of discovery. This allegation is again countered by trial counsel's affidavit. Moreover, the Court finds that

Defendant has failed to offer any basis to suggest that even if the failure had occurred, it would have caused prejudice given the circumstances of his case.

Defendant argues his counsel was ineffective for failing to object to dismissed state charges, failing to object to various things in the presentence report, telling Defendant that if he pled guilty three points would be dropped, failing to object to false statements by the police officers, and not addressing his request to seek a downward departure because of mental health and child abuse. Each of these arguments is countered by evidence in the record. A review of the presentence report, and the addendum thereto, makes clear that his counsel did in fact object and dispute the accuracy of various statements made by the police officers and other witnesses. Counsel filed a sentencing memorandum wherein she noted Defendant's childhood history and her opinion of its effects on his criminal history. In this document, counsel advised the Court of circumstances in Defendant's childhood and life on which an adjustment to his sentence could and should be made. The Court finds that Defendant has failed to demonstrate that counsel's actions fell below an objective standard of reasonableness. Therefore, to the extent Defendant raises claims of ineffective assistance of counsel based on the above noted issues, those claims are denied. To the extent Defendant complains that his counsel lied to him by telling him if he pled guilty that three points would be dropped from his guideline range, that claim is unfounded, as the presentence report and the Court's sentence reflected a three-point adjustment for acceptance of responsibility. After consideration of the evidence before it, the Court finds that Defendant has failed to establish his counsel was ineffective in any of the grounds raised.

Abuse of Discretion

Count 2 of Defendant's § 2255 motion argues the Court abused its discretion in three distinct ways. First, by failing to rule on his downward departure request; second, by accepting his plea unknowingly and involuntarily because he was told by the state district attorney that they wouldn't send the gun charges to the federal government; and, third, by failing to order a mental health evaluation.

As noted above, although counsel did not file a separately styled motion for downward departure, she did bring forward a number of grounds and asked for a sentence below the guideline range. The Court recognized its authority to depart downward and elected to not do so. Accordingly, Defendant cannot show an abuse of discretion.

Next, Defendant argues the Court abused its discretion by accepting Defendant's unknowing and involuntary plea. As discussed above, the evidentiary record before the Court disputes Defendant's claims of an unknowing and involuntary plea. The arguments he raises to suggest his plea was involuntary are without support and his current arguments run counter to his clear and unequivocal statements at the change of plea hearing, where he stated that he understood the consequences of a change of plea and desired to plead guilty because he was guilty. See Dkt. No. 47, Exh. 2, pp. 12-14. As a result of its review of the evidentiary record and consideration of the exchange between Defendant and the Court during the change of plea hearing, the Court finds that Defendant understood the consequences of his plea and he freely entered into that plea.

Finally, as for Defendant's argument that the Court abused its discretion by failing to request a mental evaluation, the Court finds that this argument again is belied by the evidence in the record. The Tenth Circuit has held that "[a] trial court must order a hearing to determine the defendant's competency if information comes to the trial court's attention that raises a bona fide doubt about the defendant's competency to stand trial." United States v. Newman, 733 F.2d 1395, 1400 (10th Cir. 1984). Here, there was nothing to suggest or raise a bona fide doubt as to Defendant's competency. See Dkt. No. 47, Exh. 2, pp. 7-8. That is, there was nothing suggesting that he did not understand the consequences of his actions or that he was not capable of making an informed decision and assisting in his defense. While Defendant may have suffered difficulties during his childhood that could create ongoing problems in his life, those issues were brought before the Court and considered in determining an appropriate sentence. There simply was no evidence that at the time Defendant was proceeding in this Court there were issues with his competency.

Prosecutorial Misconduct

Defendant raises claims of prosecutorial misconduct, arguing that the prosecutor allowed false claims to be presented in the presentence report, allowed false statements by police officers, failed to request a mental evaluation, and engaged in misconduct during the indictment process. These claims are no more viable when aimed at the prosecution than they were when directed at Defendant's counsel and/or the Court. There simply is no evidence from which to find that the United States Attorney's Office engaged in misconduct. To the extent Defendant challenges the indictment procedure and other arguments of false

testimony, he is procedurally barred from bringing those arguments now, as they should have been addressed on direct appeal. United States v. Celio, No. 01-CR-00165-CMA, 08-cv-02088-CMA-CBS, 2011 WL 3799028 at *13 (D. Colo. May 20, 2011); United States v. Gaither, 300 F. App'x 612, 614-15 (10th Cir. 2008).

## Due Process Violation

Finally, Defendant challenges certain procedural issues arising during the indictment process and argues that they violated his due process rights. To the extent the Court can decipher Defendant's argument, he appears to claim that the U.S. Attorney's Office, the state District Attorney's Office, and the grand jury conspired to issue the Indictment in this matter in a manner to prevent him from bonding out of jail on the state charge. Defendant offers no factual support for his claim. Nor does he offer any legal authority demonstrating available recourse for his allegation. Defendant does suggest some delay in issuing the Indictment. To establish delay in indictment as a due process clause violation, Defendant must "establish that a pre-indictment delay *actually* prejudiced his defense." Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996). Defendant has failed to make this showing. Indeed, given the nature of the evidence against him, the fact that he voluntarily pled guilty and received a sentence at the bottom of the guideline range would belie any claims that he was prejudiced as a result in the relatively minor delay in the indictment process.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 36), is DENIED. A judgment shall enter.

IT IS SO ORDERED this 31st day of July, 2013.

ROBIN J. CAUTHRON
United States District Judge